## Nicholas G. Heinz, Appellant, v. Peoria Life Insurance Company, Appellee.

### Gen. No. 5,785.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 17, 1913.

### Statement of the Case.

Action by Nicholas G. Heinz against Peoria Life Insurance Company to rescind contract of insurance and to recover premiums paid on the ground that the agent of defendant falsely represented to plaintiff the surrender value of the policy. From a judgment in favor of defendant, plaintiff appeals.

MANSFIELD, COWAN & BOULWARE, for appellant.

WOLFENBARGER & MAY, for appellee.

Mr. JUSTICE CARNES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

## Abstract of the Decision.

1. INSURANCE, § 202*—*when statute prohibits misrepresentation of terms of policy.* R. S. ch. 73, § 208n, J. & A. ¶ 6510, prohibiting agents and officers of life insurance companies from misrepresenting the terms of the policy, *held* not to include misrepresentations by oral statements.

2. INSURANCE, § 195*—*when insured may rescind.* To entitle insured to a rescission of the contract of insurance he must notify the company within a reasonable time of his election to disaffirm the contract, and when the facts are undisputed the question of reasonable time is one of law for the court.

3. INSURANCE, § 195*—*when notice to rescind not given within a reasonable time.* Insured failing to give notice of his intention to disaffirm the contract of insurance, on the ground that agent misrepresented the terms of the policy, until more than three months after reading the policy, *held* not to give notice within a reasonable time.

4. INSURANCE, § 195*—*when misrepresentation of an agent no ground for rescission.* A representation of an agent as to the value of the policy to be delivered is a mere expression of opinion or trade talk.

5. APPEAL AND ERROR, § 1453*—*when ruling requiring bill of particulars, harmless.* Error of court in requiring appellant to file a bill of particulars cannot be complained of where he was not precluded from offering competent evidence by any restriction in such bill of particulars.